IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RANDY LEBOEUF** | § <br> § |
| v. | §    **CIVIL ACTION NO. _____** <br> § |
| **LOREN L. HATLE, CLEAN METAL TECHNOLOGIES, LLC, and MICROCLEAN METALS, LLC** | § <br> § <br> § <br> § |

**DEFENDANT LOREN L. HATLE'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Loren L. Hatle hereby gives notice of his removal of Docket No. 187494, filed in the 32nd Judicial District Court of the Parish of Terrebonne, State of Louisiana, to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### I.   STATEMENT OF THE CASE

1. On November 12, 2019, Plaintiff Randy LeBoeuf filed suit in Louisiana state court against Hatle, Clean Metal Technologies, LLC ("CMT"), and MicroClean Metals, LLC (collectively, "Defendants") to enforce purported agreements for the purchase and sale of Plaintiff's membership interest in CMT.

2. Service of Citation and Petition on Hatle by personal service was made on December 12, 2019. Service of Citation and Petition on CMT, a dissolved entity, was improperly attempted by service on Loren Hatle, a member of CMT, on December 12, 2019. Service of Citation and Petition on MicroClean Metals was improperly attempted by service on Loren Hatle, a member of MicroClean Metals, on December 12, 2019.

## II.     BASIS FOR REMOVAL: DIVERSITY JURISDICTION

3. This cause may be removed pursuant to 28 U.S.C. § 1441(a). "[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." This Court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.00.

**A.     The Parties are Citizens of Different States.**

4. To have diversity of citizenship, each plaintiff must have a different citizenship from each defendant. 28 U.S.C. § 1332(a)(1); *see also Lincoln Prop. Co. v. Roche*, 126 S. Ct. 606, 610 (2005) (holding that diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State").

5. Plaintiff LeBoeuf is a citizen of Louisiana.

6. Defendant Hatle is a citizen of Texas.

7. Defendant CMT is a dissolved Louisiana limited liability company and is a citizen of Texas. At the time of its dissolution, CMT's members were Hatle, a citizen of Texas, and Rocky Smith, a citizen of Texas. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members.").

8. Defendant MicroClean Metals is a Texas limited liability company and is a citizen of Texas and California. Its members are (1) C. Clifford Wright Jr., a citizen of Texas, (2) Hatle, a citizen of Texas, (3) CJDW Interests, LLC, a citizen of Texas, and (4) Rick Stenberg, a citizen

of California.  CJDW Interests is a Texas limited liability company and its members are C. Clifford Wright Jr. and Jo Dee Wright, citizens of Texas.

**B.      The Amount in Controversy Exceeds $75,000.**

9.      In order for diversity jurisdiction to exist, the amount in controversy must exceed $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).

10.     In his Petition, Plaintiff seeks damages in an amount over $1,000,000.00.

**III.    THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED**

11.     Removal of this action is timely under 28 U.S.C. § 1446(b) because 30 days have not expired since service of the Petition on Hatle on December 12, 2019.

12.     Venue of the removed action is proper in this Court pursuant to 28 U.S.C. §§1441(a) and 1446(a), because the Parish from which the state court action has been removed belongs to and/or forms part of this District.

13.     By filing this Notice of Removal, Hatle expressly consents to the removal.  Upon information and belief, neither CMT nor MicroClean Metals have been served in the state court action;[1] therefore, under 28 U.S.C. §1446(b)(2)(A), CMT and MicroClean Metals' joinder or consent is not necessary to effect removal.  In the alternative, and only to the extent that service on CMT is deemed to have been properly made on Hatle, Hatle is not aware of any requirement for a dissolved limited liability company to consent to removal.  In the event such consent is required, Hatle, as holder of 100% of the voting membership interests of CMT prior to its dissolution, consents on CMT's behalf to removal of the state court action to this Court.

---

[1] Under Article 1266 of the Louisiana Rules of Civil Procedure, service of citation or other process on a domestic or foreign limited liability company is made by personal service on any one of its agents for service of process.  Hatle was served with Citation and Plaintiff's Petition for CMT and MicroClean Metals.  Hatle, however, is not a proper agent of either CMT or MicroClean Metals for service of process and does not accept service on CMT's or MicroClean Metals' behalf.

14.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in the state court action, including the Petition, are attached hereto within the contents of Exhibits A-H.

15.     In accordance with the requirements of 28 U.S.C. 1446(d), Hatle has this day given and served written notice of this removal on all parties by mailing a copy of this pleading and all attachments thereto to the plaintiff's counsel of record, Darryl T. Landwehr.  Hatle likewise has filed a copy of this Notice of Removal with the Clerk of Court in and for the Parish of Terrebonne, State of Louisiana, as is required by 28 U.S.C. §1446(d).  See attached Exhibit I.

16.     In accordance with the requirements of 28 U.S.C. 1446(a) and Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel states that the averments of this Notice of Removal are well-grounded in fact and are warranted by existing law and that this matter is within the jurisdiction of this Court pursuant to 28 U.S.C. §1332(a).

WHEREFORE, Defendant Loren L. Hatle prays that this Notice of Removal be deemed good and sufficient as required by law, that the aforesaid action, "Randy LeBoeuf v. Loren L. Hatle, Clean Metal Technologies, LLC and MicroClean Metals, LLC," bearing Docket No. 187494 on the docket of the 32nd Judicial District Court in and for the Parish of Terrebonne, State of Louisiana, be removed from that court to the United States District Court for the Eastern District of Louisiana, and that this Court have and assume full and complete jurisdiction thereof and issue all necessary orders and grant all general and equitable relief to which Hatle might be entitled, and that all further proceedings in the state court be discontinued.

Respectfully submitted,

NEUNER PATE

*/s/ Kevin P. Merchant*
KEVIN P. MERCHANT, T.A. - #24559
CAROLYN C. COLE - #33066
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
Telephone: (337) 237-7000
Fax: (337) 233-9450
*Attorneys for Loren L. Hatle*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing has been filed electronically with the Clerk of Court and served upon all counsel of record using the Court's CM/ECF system.

Lafayette, Louisiana, this 10th day of January, 2020.

*/s/ Kevin P. Merchant*
COUNSEL

5