**32nd JUDICIAL DISTRICT COURT FOR THE PARISH OF TERREBONNE**

**STATE OF LOUISIANA**

NO. 187494　　　　　　　　　　　　　　　SECTION " "

**RANDY LEBOEUF**

**VERSUS**

**LOREN L. HATLE, CLEAN METAL TECHNOLOGIES, LLC AND MICROCLEAN METALS, LLC**

FILED: NOV 12 2019　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　DEPUTY CLERK

**PETITION TO ENFORCE PROMISSORY NOTES, SECURITY AGREEMENT AND COMMERCIAL GUARANTY AGREEMENTS**

The petition of Randy Leboeuf, plaintiff, a person of the full age of majority and a resident of and domiciled in the Parish of Terrebonne, State of Louisiana, respectfully represents:

1.

Made defendants herein are the following:

a.) Loren L. Hatle, a person of full age of majority and a resident of the City of Humble, State of Texas;

b.) Clean Metal Technologies, LLC, a limited liability company organized and existing under the laws of the State of Louisiana, with its registered office formerly located in the Parish of Terrebonne, State of Louisiana, and having its current principal place of business located in the city of Houston, State of Texas; and

c.) MicroClean Metals, LLC, a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located in the city of Houston, State of Texas.

2.

For the reasons hereinafter set forth, the three (3) named defendants hereinabove are indebted unto plaintiff in the following amounts, to-wit:

(i) $882,000.00, plus interest thereon at the rate of the Bank Prime Rate as quoted in the Wall Street Journal commencing on November 25, 2016 (i.e., 3.75% per annum), until paid in full, plus all costs and attorney's fees fixed at 25% of the balance due; and

(ii) $300,000.00, plus accrued interest thereon at the rate of the Bank Prime Rate as quoted in the Wall Street Journal each installment due date (i.e., 3.75% per annum),

commencing November 25, 2016, until paid in full, plus all costs and attorney's fees fixed at 25% of the balance due.

3.

On or about August 25, 2019, plaintiff, as seller, and the defendant Loren L. Hatle, as buyer and guarantor, entered into a Membership Interest Purchase Agreement pursuant to which plaintiff agreed to sell and the defendant Loren L. Hatle agreed to purchase all of plaintiff's right, title and interest in and to plaintiff's membership interest in Clean Metal Technologies, LLC (i.e., 51 Class A company units and 69 Class B company units, hereinafter collectively referred to as the "Membership Interests") for the price and sum of $882,000.00 (hereinafter referred to as the "Purchase Price"), subject to the following terms and conditions, to-wit:

(i) the $882,000.00 of the Purchase Price shall be paid by the defendant Loren L. Hatle to plaintiff as follows: (a) $82,000.00 within three (3) months after closing in a lump sum, and (b) within eighteen (18) months after closing, in six (6) principal installment payments of $133,333.34, plus accrued interest every three (3) months until the balance is fully paid (i.e., the "Deferred Purchase Price Consideration"), substantially in the form of Promissory Note attached thereto as Exhibit "A". The Deferred Purchase Price Consideration shall bear an interest rate at the Bank Prime Rate, as quoted in the *Wall Street Journal*, as of each payment due date, adjusted quarterly and compounded annually, but in no event shall the interest rate exceed five percent (5%) per annum.

(ii) At closing, the defendant Loren L. Hatle shall provide to Clean Metal Technologies, LLC funds in the amount of $100,000.00 as working capital to be immediately used to pay certain debts of that company owed to third-parties (i.e., the "Third-Party Debt"). This shall be deemed a capital contribution, but shall not change the membership percentage in any other member. In addition to the $100,000.00, Clean Metal Technologies, LLC has $10,197.00 in its checking account to also apply to the payment of the Third-Party Debt.

(iii) Clean Metal Technologies, LLC shall repay plaintiff the loan owed by Clean Metal Technologies, LLC in the amount of $300,000.00 (i.e., the "Deferred Loan Repayment") in six (6) principal installments of $50,000.00 each, plus accrued interest every month, substantially in the form of the Promissory Note attached thereto as "Exhibit B". The Deferred Loan Repayment shall bear an interest rate at the Bank Prime Rate, as quoted in the *Wall Street Journal*, as of each

payment due date, adjusted quarterly and compounded annually, but in no event shall the interest rate exceed five percent (5%) per annum.

(iv) The Deferred Purchase Price Consideration and the Deferred Loan Repayment shall be secured by that certain (1) U.S. Patent Application serial number 15/012,618 filed on February 1, 2016, entitled "Methods for Removal of Reacting Sites on Metal Surfaces and Application of a Nanotube Containing Protective Coating" and in addition any other patent rights of Clean Metal Technologies, LLC owned as of the closing, as well as any continuations, continuations-in-part, division applications and any re-examination or reissues thereof, and any foreign counterparts thereto; and (a) any invention or discovery which is or was conceived and/or reduced to practice by Loren L. Hatle, individually or jointly with others, at any time prior to or while employed by Clean Metal Technologies, LLC and for a period of one (1) year after the termination of the employment by Loren L. Hatle pursuant to a written assignment set forth in section 7(1) of the Employment, Non-Disclosure, Non-Compete, and Non-Solicitation Agreement executed on April 2, 2015, but made effective March 16, 2015, by and between Loren L. Hatle and Clean Metal Technologies, LLC, and (b) all rights under the License Agreement (the "Subject Patent Rights"), substantially in the form of a Security Agreement executed by and between plaintiff and Loren L. Hatle, attached thereto as "Exhibit C" (the "Security Agreement").

(v) At closing, Clean Metal Technologies, LLC shall execute and deliver a mutually agreeable exclusive license agreement (the "License Agreement") to MicroClean Metals, LLC substantially in the form attached thereto as "Exhibit D". The License Agreement shall allow Micro Clean Metals, LLC to utilize the Subject Patent to generate the requisite revenue to fund the Deferred Purchase Price Consideration and Deferred Loan Repayment. The License Agreement shall be inferior in rank and subordinate to the Security Agreement.

A copy of the Membership Interest Purchase Agreement, the terms and provisions of which are incorporated herein as if plead *in extenso*, is attached hereto and marked as Exhibit "1".

4.

Clean Metal Technologies, LLC and MicroClean Metals, LLC were parties to the Membership Interest Purchase Agreement and executed same as guarantors.

5.

Under section 7.11(a) of the Membership Interest Purchase Agreement, the parties thereto agreed that the exclusive jurisdiction and venue to resolve any disputes related solely to this

3

agreement (and ancillary documents, including the Promissory Notes, the Security Agreement, any guarantees and any indemnities) shall be exclusively held and prosecuted in the 32nd Judicial District Court, Terrebonne Parish, Louisiana, and that the governing law for any disputes related thereto shall be Louisiana, and without giving effect to any choice or conflict of law provision or rule that could cause the application of laws of any jurisdiction other than those of the State of Louisiana.

6.

Under section 7.14 of the Membership Interest Purchase Agreement, the provisions of section 7.11 thereof survive any expiration of that agreement.

7.

Under section 7.18 of the Membership Interest Agreement, the defendants Loren L. Hatle, Clean Metal Technologies, LLC, and MicroClean Metals, LLC agreed to prosecute all pending patent applications relating to the Subject Patents, which obligations remain until the Deferred Purchase Price Consideration and Deferred Loan Repayment are paid in full.

8.

Pursuant to a Bill of Sale of Membership Interest executed by plaintiff, as seller, and the defendant Loren L. Hatle, as defendant, effective August 25, 2016, plaintiff sold, transferred and conveyed to the defendant Loren L. Hatle all of said plaintiff's Membership Interests in Clean Metal Technologies, LLC, in consideration and consummation of the transactions contemplated by the Membership Interest Purchase Agreement. A copy of the Bill of Sale of Membership Interest is attached as "Exhibit G" to the Membership Interest Purchase Agreement attached hereto as Exhibit "1".

9.

In connection with the sale of plaintiff's Membership Interests to the defendant Loren L. Hatle, in conformity with the terms and provisions of the terms and Membership Interest Purchase Agreement, and in consideration of the sale of the Membership Interests, plaintiff is the current holder and owner of the following two described promissory notes, made payable to the order of plaintiff, to-wit:

(i.) Promissory Note (i.e., the "Deferred Purchase Price Consideration Note") made and executed by Loren L. Hatle, dated August 25, 2016, in the principal amount of $882,000.00,

4

Case 2:20-cv-00105-SM-DMD   Document 1-2   Filed 01/10/20   Page 5 of 17

Page 5 of 18

conditioned to bear interest per annum until paid in full at the rate of the Bank Prime Rate as quoted in the *Wall Street Journal* on each installment due date, all of which is repayable as follows:

(a) A principal payment of $82,000.00, plus accrued interest at the rate of the Bank Prime Rate as quoted in the Wall Street Journal (not to exceed 5% per annum), payable on November 25, 2016; and

(b) Six (6) consecutive quarterly payments of principal in the amount of $133,333.34 each, plus accrued interest at the rate of the Bank Prime Rate as quoted in the *Wall Street Journal* on each installment, commencing on November 25, 2016, and continuing on the same day of each third month thereafter until paid in full.

(ii.) Promissory Note (i.e., the "Deferred Loan Repayment Note") made and executed by Clean Metal Technologies, LLC, dated August 25, 2016, in the principal amount of $300,000.00, conditioned to bear interest per annum until paid in full at the rate of the Bank Prime Rate as quoted in the *Wall Street Journal* on each installment due date (not to exceed 5% per annum), all of which is repayable in six (6) consecutive quarterly installments of principal in the amount of $50,000.00 each, plus accrued interest at the rate of the Bank Prime Rate as quoted in the *Wall Street Journal* on each installment date (not to exceed 5% per annum), commencing on November 25, 2016, and continuing on the same date of each third month thereafter until paid in full.

10.

A copy of the Deferred Purchase Price Consideration Note is attached as "Exhibit A" to the Membership Interest Purchase Agreement attached hereto as Exhibit "1", and a copy of the Deferred Loan Repayment Note is attached as "Exhibit B" to the Membership Interest Purchase Agreement attached hereto as Exhibit "1".

11.

Under the terms and provisions of the Deferred Purchase Price Consideration Note (i.e., "Exhibit A" to Exhibit "1" attached hereto), the defendant Loren L. Hatle, as maker of the Deferred Purchase Price Consideration Note, agreed that the following events shall constitute an event of the default under such note: (i) the maker thereof fails to make any payment when due thereunder; (ii) the maker or any guarantor fails to comply with any terms or conditions or defaults under any security agreement, instrument, document, guaranty or other agreement that may directly or indirectly secure repayment of the note; or (iii) Clean Metal Technologies, LLC defaults on the

5

$300,000.00 note it signed as maker in favor of plaintiff on August 25, 2016 (i.e., the Deferred Loan Repayment Note).

12.

Under the terms and provisions of the Deferred Loan Repayment Note (i.e., "Exhibit B" to Exhibit "1" attached hereto), the defendant Clean Metal Technologies, LLC, as maker of the Deferred Loan Repayment Note, agreed that the following events shall constitute an event of the default under such note: (i) the maker thereof fails to make any payment when due thereunder; (ii) the maker or any guarantor fails to comply with any terms or conditions or defaults under any security agreement, instrument, document, guaranty or other agreement that may directly or indirectly secure repayment of the note; or (iii) Loren L. Hatle defaults on the $882,000.00 note he signed as maker in favor of plaintiff on August 25, 2016 (i.e., the Deferred Purchase Price Consideration Note).

13.

The Deferred Purchase Price Consideration Note executed by the defendant Loren L. Hatle and the Deferred Loan Repayment Note executed by Clean Metal Technologies, LLC further provided that in the event either note is placed in the hands of an attorney for any reason or to enforce collection, then all costs and the fees of the attorney who may be so employed, which fees are fixed at 25% of the amount then due and exigible, plus costs and expenses, shall be added thereto and be collectable by plaintiff.

14.

Under the further terms and provisions of the Deferred Purchase Price Consideration Note executed by the defendant Loren L. Hatle and the Deferred Loan Repayment Note executed by Clean Metal Technologies, LLC, the said defendants did waive demand, presentment for payment, notice of dishonor and protest.

15.

Under the further terms and provisions of the Deferred Purchase Price Consideration Note executed by the defendant Loren L. Hatle and the Deferred Loan Repayment Note executed by Clean Metal Technologies, LLC, the said respective makers thereof further agreed and stipulated that any action or proceedings pertaining to the notes, the underlying obligations, including but not limited to the enforcement or collection thereof, and any actions to enforce any security securing the notes, shall be brought exclusively in the 32nd Judicial District Court, Terrebonne Parish, Louisiana,

and the said makers thereof further expressly consented to the personal jurisdiction and venue of that court.

16.

In order to secure payment of the indebtedness of the defendant Loren L. Hatle to plaintiff as evidenced by and under the Deferred Purchase Price Consideration Note executed by the said Loren L. Hatle, including any advances or expenditures made by plaintiff for expenses incurred in protection or in furtherance of plaintiff's rights under the agreement, on August 25, 2016, MicroClean Metals, LLC, and Clean Metal Technologies, LLC, as grantor, executed a Security Agreement therein granting a security interest in and to Clean Metal Technologies, LLC's and Micro Clean Metals, LLC's present and future rights, title and interest in and to the following described property, to-wit:

(i) U.S. Patent Application S.N. 15/012,618 filed on February 1, 2016 identifying Loren L. Hatle as Inventor and filed by Clean Metal Technologies, L.L.C. as owner pursuant to a written assignment filed with the U.S. Patent Office on July 23, 2015 at Reel 036162/Frame 0531 and pursuant to a written assignment filed with the U.S. Patent Office on December 16, 2015, at Reel 037306/Frame 0868; the patent application being entitled "Methods for Removal of Reaction Sites on Metal Surfaces and Application of a Nanotube Containing Protecting Coating" which patent application claims benefit of U. S. Provisional Applications S.N. 62/112,530 filed on February 5, 2015 and S.N. 62/179,665 filed on May 15, 2015; as well as any continuations, continuations-in-part, division applications and any re-examination or reissues thereof, and any foreign counterparts thereto;

(ii) Any invention or discovery which is or was conceived and/or reduced to practice by Loren L. Hatle, individually or jointly with others, at any time prior to or while employed by Clean Metal Technologies, L.L.C. and for a period of one year after the termination of the employment by either Loren L. Hatle or Clean Metal Technologies, L.L.C. pursuant to a written assignment set forth at Section 7(1) in the Employment, Non-Disclosure, Non-Compete, and Non-Solicitation Agreement executed on April 2, 2015, but made effective March 16, 2015 by and between Loren L. Hatle and Clean Metal Technologies, L.L.C.; and

(iii) The Exclusive License Agreement effective as of the 25th day of August, 2016, by and between Clean Metal Technologies, L.L.C., a Louisiana limited liability company, and MicroClean Metals, L.L.C., a Texas limited liability company.

A copy of the Security Agreement, the terms and provisions of which are incorporated herein as copied *in extenso*, is attached as "Exhibit C" to the Membership Interest Purchase Agreement attached hereto as Exhibit "1".

17.

Under the terms and provisions of the Security Agreement (i.e., "Exhibit C" to the Membership Interest Purchase Agreement attached hereto as Exhibit "1"), Clean Metal Technologies, LLC and MicroClean Metals, LLC agreed that and consented to the 32nd Judicial

7

District Court, Terrebonne Parish, Louisiana, having exclusive personal jurisdiction and venue regarding the enforcement of the Security Agreement and the obligations secured thereby.

18.

In conformity with and attached as "Exhibit A" to the Security Agreement was a Patent Security Agreement executed by Clean Metal Technologies, LLC, MicroClean Metals, LLC and the plaintiff, dated of August 25, 2016, which Patent Security Agreement was filed with the U.S. Patent and Trademark Office on September 7, 2016, at Reel 039663/Frame 0057.

19.

Under the terms and provisions of "Section "8" of the Security Agreement (i.e., "Exhibit C" to the Membership Interest Purchase Agreement attached hereto as Exhibit "1"), the happening of any of the following events or conditions shall comprise a default thereunder, to-wit:

(i) Failure by Loren L. Hatle to pay the principal of or any installment of the principal due plaintiff under the Deferred Purchase Price Consideration Note when due, or failure to pay any interest due plaintiff under the Deferred Purchase Price Consideration Note when due; and/or

(ii) Default in the observance or performance of any covenant or agreement contained in the Security Agreement, or in any other agreement among Clean Metal Technologies, LLC, Loren L. Hatle and the plaintiff or any of them.

20.

Under the further terms and provisions of "Section 9" of the Security Agreement (i.e., "Exhibit C" to the Membership Interest Purchase Agreement attached hereto as Exhibit "1"), upon the occurrence of any event of default plaintiff may, at his option, declare the obligations secured thereby or any part thereof immediately due and payable, without demand, notice of intention to accelerate, notice of acceleration, notice of nonpayment, presentment, protest, notice of dishonor, and any other notice whatsoever, all of which were waived by Loren L. Hatle, Clean Metal Technologies, LLC, and any maker, endorser, guarantor, surety or other party liable in any capacity for any of the obligations of Loren L. Hatle to plaintiff under the Deferred Purchase Price Consideration Note.

21.

Under the further terms and provisions of "Section 9" of the Security Agreement (i.e., "Exhibit C" to the Membership Interest Purchase Agreement attached hereto as Exhibit "1"), should

any event of default occur, and in addition to the rights of plaintiff with respect to possessory collateral, said plaintiff shall have the right, at his sole discretion, to accelerate payment of all amounts that the defendant Loren L. Hatle may then owe to plaintiff, which will then entitle plaintiff to foreclose under the Security Agreement under ordinary or executory process procedures, and to cause the collateral to be immediately seized wherever found, and without the necessity of further demanding payment from the defendant Loren L. Hatle or of notifying the defendant Clean Metal Technologies, LLC, or of placing Clean Metal Technologies, LLC in default.

22.

In order to secure payment of the indebtedness of the defendant Clean Metal Technologies, LLC to plaintiff as evidenced by and under the Deferred Loan Repayment Note executed by the said Clean Metal Technologies, LLC, including any advances or expenditures made by plaintiff for expenses incurred in protection or in furtherance of plaintiff's rights under the agreement, on August 25, 2016, MicroClean Metals, LLC, and Clean Metal Technologies, LLC, as grantors, executed a second Security Agreement (hereinafter the "Second Security Agreement") therein granting a security interest in and to Clean Metal Technologies, LLC's and MicroClean Metals, LLC's present and future rights, title and interest in and to the following described property, to-wit:

(i) U.S. Patent Application S.N. 15/012,618 filed on February 1, 2016 identifying Loren L. Hatle as Inventor and filed by Clean Metal Technologies, L.L.C. as owner pursuant to a written assignment filed with the U.S. Patent Office on July 23, 2015 at Reel 036162/Frame 0531 and pursuant to a written assignment filed with the U.S. Patent Office on December 16, 2015, at Reel 037306/Frame 0868; the patent application being entitled "Methods for Removal of Reaction Sites on Metal Surfaces and Application of a Nanotube Containing Protecting Coating" which patent application claims benefit of U. S. Provisional Applications S.N. 62/112,530 filed on February 5, 2015 and S.N. 62/179,665 filed on May 15, 2015; as well as any continuations, continuations-in-part, division applications and any re-examination or reissues thereof, and any foreign counterparts thereto;

(ii) Any invention or discovery which is or was conceived and/or reduced to practice by Loren L. Hatle, individually or jointly with others, at any time prior to or while employed by Clean Metal Technologies, L.L.C. and for a period of one year after the termination of the employment by either Loren L. Hatle or Clean Metal Technologies, L.L.C. pursuant to a written assignment set forth at Section 7(1) in the Employment, Non-Disclosure, Non-Compete, and Non-Solicitation Agreement executed on April 2, 2015, but made effective March 16, 2015 by and between Loren L. Hatle and Clean Metal Technologies, L.L.C.; and

(iii) The Exclusive License Agreement effective as of the 25th day of August, 2016, by and between Clean Metal Technologies, L.L.C., a Louisiana limited liability company, and MicroClean Metals, L.L.C., a Texas limited liability company.

A copy of the Second Security Agreement, the terms and provisions of which are incorporated herein as copied *in extenso*, is attached to and comprises part of "Exhibit C" to the Membership Interest Purchase Agreement attached hereto as Exhibit "1".

23.

Under the terms and provisions of the Second Security Agreement, Clean Metal Technologies, LLC and Micro Clean Metals, LLC agreed that and consented to the 32nd Judicial District Court, Terrebonne Parish, Louisiana, having exclusive personal jurisdiction and venue regarding the enforcement of the Security Agreement and the obligations secured thereby.

24.

In conformity with and attached as "Exhibit A" to the Second Security Agreement was a Patent Security Agreement executed by Clean Metal Technologies, LLC, MicroClean Metals, LLC and the plaintiff, dated of August 25, 2016, which Patent Security Agreement was filed with the U.S. Patent and Trademark Office on September 7, 2016, at Reel 039663/Frame 0057.

25.

Under the terms and provisions of "Section "8" of the Second Security Agreement, the happening of any of the following events or conditions shall comprise a default thereunder, to-wit:

(i) Failure by Clean Metal Technologies, LLC to pay the principal of or any installment of the principal due plaintiff under the Deferred Loan Repayment Note when due, or failure to pay any interest due plaintiff under the Deferred Loan Repayment Note when due; and/or

(ii) Default in the observance or performance of any covenant or agreement contained in the Second Security Agreement, or in any other agreement among Clean Metal Technologies, LLC and plaintiff.

26.

Under the further terms and provisions of "Section 9" of the Second Security Agreement, upon the occurrence of any event of default plaintiff may, at his option, declare the obligations secured thereby or any part thereof immediately due and payable, without demand, notice of intention to accelerate, notice of acceleration, notice of nonpayment, presentment, protest, notice of dishonor, and any other notice whatsoever, all of which were waived by Clean Metal Technologies, LLC, and any maker, endorser, guarantor, surety or other party liable in any capacity for any of the obligations of Clean Metal Technologies, LLC to plaintiff under the Deferred Loan Repayment Note.

27.

Under the further terms and provisions of "Section 9" of the Second Security Agreement, should any event of default occur, and in addition to the rights of plaintiff with respect to possessory collateral, said plaintiff shall have the right, at his sole discretion, to accelerate payment of all amounts that the defendant Clean Metal Technologies, LLC may then owe to plaintiff, which will then entitle plaintiff to foreclose under the Second Security Agreement under ordinary or executory process procedures, and to cause the collateral to be immediately seized wherever found, and without the necessity of further demanding payment from the defendant Clean Metal Technologies, LLC or of notifying the defendant Clean Metal Technologies, LLC, or of placing Clean Metal Technologies, LLC in default.

28.

On August 20, 2016, a UCC-1 Financing Statement, covering Clean Metal Technologies, LLC rights, title and interest in and to the following described property, was filed with and in the Louisiana Secretary of State's Master Index of Uniform Commercial filings under File number 55-1514986, to-wit:

(i) U.S. Patent Application S.N. 15/012,618 filed on February 1, 2016 identifying Loren L. Hatle as Inventor and filed by Clean Metal Technologies, L.L.C. as owner pursuant to a written assignment filed with the U.S. Patent Office on July 23, 2015 at Reel 036162/Frame 0531 and pursuant to a written assignment filed with the U.S. Patent Office on December 16, 2015, at Reel 037306/Frame 0868; the patent application being entitled "Methods for Removal of Reaction Sites on Metal Surfaces and Application of a Nanotube Containing Protecting Coating" which patent application claims benefit of U. S. Provisional Applications S.N. 62/112,530 filed on February 5, 2015 and S.N. 62/179,665 filed on May 15, 2015; as well as any continuations, continuations-in-part, division applications and any re-examination or reissues thereof, and any foreign counterparts thereto;

(ii) Any invention or discovery which is or was conceived and/or reduced to practice by Loren L. Hatle, individually or jointly with others, at any time prior to or while employed by Clean Metal Technologies, L.L.C. and for a period of one year after the termination of the employment by either Loren L. Hatle or Clean Metal Technologies, L.L.C. pursuant to a written assignment set forth at Section 7(1) in the Employment, Non-Disclosure, Non-Compete, and Non-Solicitation Agreement executed on April 2, 2015, but made effective March 16, 2015 by and between Loren L. Hatle and Clean Metal Technologies, L.L.C.; and

(iii) The Exclusive License Agreement effective as of the 25th day of August, 2016, by and between Clean Metal Technologies, L.L.C., a Louisiana limited liability company, and MicroClean Metals, L.L.C., a Texas limited liability company.

A copy of the UCC-1 filed with the Louisiana Secretary of State's Office is attached hereto and marked as Exhibit "2", and a copy of the Texas Secretary of State's Offices UCC Initial Filing Acknowledgment is attached hereto and marked as Exhibit "3".

11

29.

On August 25, 2016, Clean Metal Technologies, LLC and MicroClean Metals, LLC executed a Commercial Guaranty agreement therein guaranteeing the payment of amounts due plaintiff under the Deferred Purchase Price Consideration Note executed by the defendant Loren L. Hatle, all as more fully reflected in the Commercial Guaranty attached hereto and marked as Exhibit "4".

30.

Also on August 25, 2016, Loren L. Hatle and MicroClean Metals, LLC executed a Commercial Guaranty agreement therein guaranteeing payment of the of amounts due plaintiff under the Deferred Loan Repayment Note executed by Clean Metal Technologies, LLC, all as more fully reflected in the Commercial Guaranty attached hereto and marked as Exhibit "5".

31.

Under the terms and provisions of the Commercial Guaranty attached hereto as Exhibit "4", the defendants Clean Metal Technologies, LLC and MicroClean Metals, LLC jointly, severally, and *in solido*, guaranteed payment of all amounts due plaintiff by Loren L. Hatle under the Deferred Purchase Price Consideration Note.

32.

Under the terms and provisions of the Commercial Guaranty attached hereto as Exhibit "5", the defendants Loren L. Hatle and MicroClean Metals, LLC jointly, severally, and *in solido*, guaranteed payment of all amounts due plaintiff by Clean Metal Technologies, LLC under the Deferred Loan Repayment Note.

33.

On August 25, 2016, the defendant Clean Metal Technologies, LLC and the defendant MicroClean Metals, LLC executed an Exclusive License Agreement pursuant to which Micro Clean Metals, LLC was provided the exclusive right to practice any and all inventions identified in the *Assignment of Patent Rights* dated June 23, 2015 and *Assignment of Patent Rights* dated December 3, 2015 (which assignments are attached thereto as "Exhibit 1" and "Exhibit "2" respectively), which include, among others, any patents and applications (present or future) claiming priority to or to be issued from (a) U.S. Provisional Application Serial Number 62/112,530 filed February 5, 2015, by Loren L. Hatle; (b) U.S. Provisional Applications Serial Number 62/179,665 filed May 15, 2015, by Loren L. Hatle; (c) U.S. Patent Application Serial Number 15/012,618 filed February 1,

12

2016 by Loren L. Hatle entitled *Methods for Removal of Reaction Sites on Metal Surfaces and Application of a Nanotube Containing Protective Coating;* and (d) any and all improvements, continuations, continuations-in-part, divisionals, reissues and current counterparts thereof. A copy of the Exclusive License Agreement, the terms and provisions of which are incorporated herein as if copied *in enxtenso*, is attached as "Exhibit D" to the Membership Interest Purchase Agreement attached hereto as Exhibit "1".

34.

On August 25, 2016, Clean Metal Technologies, LLC, as assignor, and MicroClean Metals, LLC, as assignee, executed a Patent Assignment under the terms and provisions of which Clean Metal Technologies, LLC did sell, assign and transfer unto Micro Clean Metals, LLC its entire right, title and interest in and to the inventions set forth in (a) U.S. Provisional Application Serial Number 62/112,530 filed February 5, 2015, by Loren L. Hatle; (b) U.S. Provisional Application Serial Number 62/179,665 filed May 15, 2015, by Loren L. Hatle; and (c) U.S. Patent Application Serial Number 51/012,618 filed February 1, 2016, entitled "Methods for Removal of Reaction Sites on Metal Surfaces and Application of a Nanotube Containing Protective Coating,", all as more fully reflected in the Patent Assignment, a copy of which is attached as "Exhibit 3" to the Exclusive License Agreement, which Exclusive License Agreement is attached as "Exhibit D" to the Membership Interest Purchase Agreement attached hereto as Exhibit "1".

35.

Prior thereto, and pursuant to an Assignment of Patent Rights executed by Loren L. Hatle, as assignor, and Clean Metal Technologies, LLC, as assignee, Loren L. Hatle did sell and assign to Clean Metal Technologies, LLC any and all patent rights in and to:

    (a) any and all inventions disclosed in U.S. Provisional Applications Serial Number 62/179,665 filed May 15, 2015, by Loren L. Hatle and entitled "Surface Protection System Utilizing a Microscopically Clean Surface Top Coated with a Nanotechnology Based Nanotubes Covalently Bonded to a Reactive Free Receptive Surface as Provided by the USPTO Application 'Method for Removal of" (the "Provisional Application");

    (b) any other inventions or future inventions disclosed in any other U.S provisional application for U.S. patent application for foreign patent application claiming benefit back to the filing date of the Provisional Application; and

13

(c) any other invention or inventions conceived or reduced to practice by Loren L. Hatle, individually or jointly with others, beginning January 1, 2015, and extending through the period of the services to the Company and one year thereafter.

A copy of the Assignment of Patent Rights is attached as "Exhibit 2" to the Exclusive License Agreement, which Exclusive License Agreement is attached as "Exhibit D" to the Membership Interest Purchase Agreement attached hereto as "Exhibit 1".

36.

The Deferred Purchase Price Consideration Note is in default as the defendant Loren L. Hatle has failed to remit to plaintiff the payments as required therein, leaving a balance due and owing to plaintiff thereon in the amount of $882,000.00, plus interest thereon at the rate of the Bank Prime Rate as quoted in the *Wall Street Journal* commencing November 25, 2016 (i.e., 3.75% per annum), until paid in full, plus all costs and attorney's fees fixed at 25% of the balance due.

37.

The Deferred Loan Repayment Note is also in default as the defendant Clean Metal Technologies, LLC has failed to remit to plaintiff the payments as required therein, leaving a balance due and owing to plaintiff thereon in the amount of $300,000.00, plus accrued interest thereon at the rate of the Bank Prime Rate as quoted in the *Wall Street Journal* each installment due date (i.e., 3.75% per annum), commencing November 25, 2016, until paid in full, plus all costs and attorney's fees fixed at 25% of the balance due.

38.

Given the default by the defendant Loren L. Hatle on the Deferred Purchase Price Consideration Note and given the default by Clean Metal Technologies, LLC on the Deferred Loan Repayment Note, plaintiff has formally declared both the Deferred Purchase Price Consideration Note and the Deferred Loan Repayment Note to be in default and has insisted upon immediate payment, in full, of the principal balance due and owing on both notes, plus accrued interest, together with attorney's fees, costs, expenses and other fees and charges and provided therein. A copy of the October 30, 2019 correspondence of counsel for plaintiff to Loren L. Hatle and Clean Metal Technologies, LLC, therein providing formal notice of default and the demand for immediate payment, in full, is attached hereto and marked as Exhibit "6".

39.

As previously alluded to hereinabove, no payments have been received by plaintiff on the Deferred Purchase Price Consideration Note and there remains an outstanding balance in the sum of $882,000.00, plus interest thereon at the rate of the Bank Prime Rate as quoted in the *Wall Street Journal* on November 25, 2016 (i.e., 3.75% per annum), until paid in full, plus all costs and attorney's fees fixed at 25% of the balance due.

40.

As also previously alluded to hereinabove, there remains due and outstanding on the Deferred Loan Payment Note the sum of $300,000.00, plus accrued interest thereon at the rate of the Bank Prime Rate as quoted in the *Wall Street Journal* each installment due date (i.e., 3.75% per annum), commencing November 25, 2016, until paid in full, plus all costs and attorney's fees fixed at 25% of the balance due until paid.

41.

Under the terms and provisions of the Commercial Guaranty executed by the defendants Clean Metal Technologies, LLC and MicroClean Metals, LLC affixed hereto as Exhibit "4", the said guarantors' obligations and liability under that guaranty was on a "solidary" or "joint and several" basis along with the defendant Loren L. Hatle.

42.

Under the terms and provisions of the Commercial Guaranty executed by the defendants Loren L. Hatle and Clean Metal Technologies, LLC affixed hereto as Exhibit "5", the said guarantors' obligations and liability under that guaranty was on a "solidary" or "joint and several" basis along with the defendant Clean Metal Technologies, LLC.

WHEREFORE, for those reasons set forth hereinabove, the plaintiff, Randy LeBoeuf, prays that:

1. There be judgment rendered herein in his favor and against the defendants Loren L. Hatle, Clean Metal Technologies, LLC and MicroClean Technologies, LLC, jointly, severally and *in solido*, in the amount of $882,000.00, plus interest at the rate of the Bank Prime Rate as quoted in the *Wall Street Journal* commencing on November 25, 2016 (i.e., 3.75% per annum), and continuing that rate until paid in full, plus all costs and reasonable attorney's fees that have been incurred and that are incurred in the future in connection with the enforcement and collection of this indebtedness;

2. There be judgment rendered herein in his favor and against the defendants Loren L. Hatle, Clean Metal Technologies, LLC and MicroClean Technologies, LLC, jointly, severally and *in solido*, in the amount of $300,000.00, plus interest thereon at the rate of the Bank Prime Rate as quoted in the *Wall Street Journal* each installment due date (i.e., 3.75% per annum), commencing on November 25, 2016, and continuing at that rate until paid in full, plus all costs and reasonable attorney's fees that have been incurred and that are incurred by plaintiff in the future in connection with the enforcement and collection of this indebtedness;

3. The Security Agreement executed by the defendants Clean Metal Technologies, LLC and MicroClean Metals, LLC, held by plaintiff and therein encumbering the following inventions and patents be recognized, maintained, determined and held to be enforceable by plaintiff, to-wit:

(i) U.S. Patent Application S.N. 15/012,618 filed on February 1, 2016 identifying Loren L. Hatle as Inventor and filed by Clean Metal Technologies, L.L.C. as owner pursuant to a written assignment filed with the U.S. Patent Office on July 23, 2015 at Reel 036162/Frame 0531 and pursuant to a written assignment filed with the U.S. Patent Office on December 16, 2015, at Reel 037306/Frame 0868; the patent application being entitled "Methods for Removal of Reaction Sites on Metal Surfaces and Application of a Nanotube Containing Protecting Coating" which patent application claims benefit of U. S. Provisional Applications S.N. 62/112,530 filed on February 5, 2015 and S.N. 62/179,665 filed on May 15, 2015; as well as any continuations, continuations-in-part, division applications and any re-examination or reissues thereof, and any foreign counterparts thereto;

(ii) Any invention or discovery which is or was conceived and/or reduced to practice by Loren L. Hatle, individually or jointly with others, at any time prior to or while employed by Clean Metal Technologies, L.L.C. and for a period of one year after the termination of the employment by either Loren L. Hatle or Clean Metal Technologies, L.L.C. pursuant to a written assignment set forth at Section 7(1) in the Employment, Non-Disclosure, Non-Compete, and Non-Solicitation Agreement executed on April 2, 2015, but made effective March 16, 2015 by and between Loren L. Hatle and Clean Metal Technologies, L.L.C.; and

(iii) The Exclusive License Agreement effective as of the 25th day of August, 2016, by and between Clean Metal Technologies, L.L.C., a Louisiana limited liability company, and MicroClean Metals, L.L.C., a Texas limited liability company.

4. The Second Security Agreement executed by Clean Metal Technologies, LLC and MicroClean Metals, LLC, held by plaintiff, therein encumbering the following inventions and patents, be recognized, maintained, determined and held to be enforceable by plaintiff, to-wit:

(i) U.S. Patent Application S.N. 15/012,618 filed on February 1, 2016 identifying Loren L. Hatle as Inventor and filed by Clean Metal Technologies, L.L.C. as owner pursuant to a written assignment filed with the U.S. Patent Office on July 23, 2015 at Reel 036162/Frame 0531 and pursuant to a written assignment filed with the U.S. Patent Office on December 16, 2015, at Reel 037306/Frame 0868; the patent application being entitled "Methods for Removal of Reaction Sites on Metal Surfaces and Application of a Nanotube Containing Protecting Coating" which patent application claims benefit of U. S. Provisional Applications S.N. 62/112,530 filed on February 5, 2015 and S.N. 62/179,665 filed on May 15, 2015; as well as any

      continuations, continuations-in-part, division applications and any re-examination or reissues thereof, and any foreign counterparts thereto;

(ii) Any invention or discovery which is or was conceived and/or reduced to practice by Loren L. Hatle, individually or jointly with others, at any time prior to or while employed by Clean Metal Technologies, L.L.C. and for a period of one year after the termination of the employment by either Loren L. Hatle or Clean Metal Technologies, L.L.C. pursuant to a written assignment set forth at Section 7(1) in the Employment, Non-Disclosure, Non-Compete, and Non-Solicitation Agreement executed on April 2, 2015, but made effective March 16, 2015 by and between Loren L. Hatle and Clean Metal Technologies, L.L.C.; and

(iii) The Exclusive License Agreement effective as of the 25th day of August, 2016, by and between Clean Metal Technologies, L.L.C., a Louisiana limited liability company, and MicroClean Metals, L.L.C., a Texas limited liability company.

                                                    Respectfully submitted,

                                                    DARRYL T. LANDWEHR (17677)
                                                    LANDWEHR LAW FIRM
                                                    935 Gravier Street, Suite 835
                                                    New Orleans, Louisiana 70112
                                                    Telephone: (504) 561-8086
                                                    Attorneys for Randy Leboeuf, Plaintiff

**PLEASE SERVE:**

1. Loren L. Hatle
   21122 Grandin Wood Ct.
   Humble, TX 77338
   (Through Louisiana Long Arm Statute)

2. MicroClean Metal, LLC
   c/o Loren L. Hatle
   21122 Grandin Wood Ct.
   Humble, TX 77338
   (Through Louisiana Long Arm Statute)

3. Clean Metal Technologies, LLC
   c/o Loren L. Hatle
   700 Louisiana Street, Suite 2600
   Humble, TX 77002
   (Through Louisiana Long Arm Statute)