# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RANDY LEBOEUF** | * | CIVIL ACTION NO. 2:20-cv-00105 |
| | * | |
| V. | * | SECTION "E" (3) |
| | * | |
| **LOREN L. HATLE, CLEAN** | * | |
| **METAL TECHNOLOGIES, LLC AND** | * | |
| **MICRO CLEAN METALS, LLC** | * | |

## MOTION TO REMAND AND TO AWARD COSTS AND ATTORNEY'S FEES

Randy Leboeuf, plaintiff, herein moves, pursuant to 28 U.S.C. §1447(c), to remand this action to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, and for award of attorney's fees incurred as a result of the removal. In support of this motion, plaintiff respectfully avers as follows:

1.

On November 12, 2019, Randy Leboeuf filed a *Petition to Enforce Promissory Notes, Security Agreement and Commercial Guaranty Agreements* ("Petition") in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, against the defendants Loren L. Hatle ("Hatle"), Clean Metal Technologies, LLC and Micro Clean Metals, LLC, therein seeking to enforce the said defendants' obligations in and under a *Membership Interest Purchase Agreement* and the documents ancillary thereto, which ancillary documents consisted, in part, of two (2) separate promissory notes (i.e., a *Deferred Purchase Price Consideration Note* executed by Hatle, and a *Deferred Loan Repayment Note* executed by Clean Metal Technologies, LLC); a *Security Agreement* executed by Clean Metal Technologies, LLC and Micro Clean Metals, LLC to secure the *Deferred Purchase Price Consideration Note*; a second *Security Agreement* executed by Clean Metal Technologies, LLC and Micro Clean Metals, LLC to secure the *Deferred Loan Repayment Note*; a Continuing Guaranty agreement executed by Clean Metal Technologies, LLC and Micro Clean Metals, Inc. therein guaranteeing Hatle's obligations under the *Deferred Purchase Price Consideration Note*; and a Continuing Guaranty agreement executed by Hatle

and Micro Clean Metals, Inc. therein guaranteeing Clean Metal Technologies, LLC's obligations under the *Deferred Loan Repayment Note* (R. Doc. 1, # 2).

2.

On January 10, 2020, the defendant Hatle filed a Notice of Removal on the basis of diversity jurisdiction. (R. Doc. #1).

3.

In the *Membership Interest Purchase Agreement*, the *Deferred Purchase Price Consideration Note*, the *Deferred Loan Repayment Note*, and the *Security Agreements*, however, the defendants waived any right of removal with respect to any disputes or claims by plaintiff on or under those instruments or agreements pursuant to the contractual provisions thereof. (R. Doc. 1, # 11, at pp. 20 – 21 of 34).

4.

Accordingly, plaintiff brings this motion seeking a remand of this action to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, pursuant to 28 U.S.C. §1447(c). 28 U.S.C. §1447(c) provides as follows:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

5.

Hatle's removal of plaintiff's action was improper under the forum-selection clauses of the *Membership Interest Purchase Agreement* and the ancillary documents thereto. More specifically, the

*Membership Interest Purchase Agreement* executed by and between the plaintiff and all three of the defendants, specifically section 7.11 thereof, contained the following forum-selection clause:

> "(a) Party Proceedings. The Parties agree that the exclusive jurisdiction and venue to resolve any disputes related solely to this Agreement (and ancillary documents, including the promissory notes, the Security Agreement, any guarantees and any indemnities) shall be exclusively held and prosecuted in the 32nd Judicial District Court, Terrebonne Parish, Louisiana. Likewise, the governing law for any disputes related solely to this Agreement (and ancillary documents, including the promissory notes, the Security Agreement, any guarantees and any indemnities) shall be Louisiana without giving effect to any choice or conflict of law provision or rule (whether of the State of Louisiana or any other jurisdiction) that could cause the application of laws of any jurisdiction other than those of the State of Louisiana." (R. Doc. 1, # 11, at pp. 20 – 21 of 34).

6.

Hence, Hatle and the other party defendants all agreed and consented to the exclusive jurisdiction and venue of the 32nd Judicial District Court for the adjudication of plaintiff's claims at issue in the Petition.

7.

Under applicable law, a party to a contract may waive a right of removal provided the provision of the contract makes clear that the other party to the contract has the "right to choose the forum" in which any dispute will be heard. See *City of Rose City v. Nutmeg Insurance Co.*, 931 F.2d 13, 16 (5th Cir. 1991), cert. denied, 502 U.S. 908 (1991). Moreover, a contractual clause prevents removal where the clause amounts to a "clear and unequivocal" waiver of removal rights. *Grand View PV Solar Two, LLC v. Helix Elec., Inc./Helix Elec. of Nev., L.L.C., J.V.*, 847 F.3d 255, 257-58 (5th Cir. 2017) (citing *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004)). A waiver of a party's removal rights does not have to include explicit words, such as "waiver of right of removal". *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001) (citations omitted). A party may waive its rights by explicitly stating that it is doing so, by allowing the other party the right to

choose venue, or by establishing an exclusive venue within the contract. *Grand View PV Solar Two, LLC*, 84 7 F.3d at 258 (quoting *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d at 504).

8.

The Petition filed by Leboeuf against all of the defendants comprises one to enforce the obligations of those defendants under the terms and provisions of the *Membership Interest Purchase Agreement* executed thereby and documents ancillary thereto (i.e., the *Deferred Purchase Price Consideration Note,* the *Deferred Loan Repayment Note, the Security Agreements*, and the *Continuing Guaranty* agreements).

9.

As the terms and provisions of the *Membership Interest Purchase Agreement* and those documents ancillary thereto clearly establish the intent and agreement of the parties to this action to establish the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, as having exclusive jurisdiction and venue with respect thereto, Hatle's removal of this action is improper as he previously waived any removal rights with respect thereto via contract.

10.

In addition, given Hatle's removal of the state court action after previously agreeing to establish the sole or exclusive jurisdiction and venue for plaintiff's claims as the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, and his commeasure waiver of removal rights with respect thereto, plaintiff is entitled to attorney's fees and actual expenses incurred as a result of Hatle's removal.

WHEREFORE, for those reasons set forth hereinabove and in the Memorandum in Support of Motion to Remand and to Award Costs and Attorney's Fees filed contemporaneously herewith, plaintiff Randy Leboeuf respectfully requests that this Court grant his motion to remand and award

him the attorney's fees and expenses he incurred in connection with the removal and remand of this action.

Respectfully submitted,

*/s/ Darryl T. Landwehr*
DARRYL T. LANDWEHR (17677)
LANDWEHR LAW FIRM
935 Gravier Street, Suite 835
New Orleans, Louisiana 70112
Telephone: (504) 561-8086
Attorneys for Randy Leboeuf, Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above Motion to Remand and to Award Costs and Attorney's Fees has been served upon Kevin Merchant via email to kmerchant@neunerpate.com, Beth Bernard via email to bbernard@neunerpate.com, and Carolyn Cole via email to ccole@neunerpate.com on the 1st day of February, 2020.

I hereby certify that a copy of the above Motion to Remand and to Award Costs and Attorney's Fees has been served upon all counsel of record by notice of electronic filing generated through the Court's CM/ECF system or by electronic mail on the 3rd day of February, 2020.

*/s/ Darryl T. Landwehr*
Darryl T. Landwehr (17677)