## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RANDY LEBOEUF** | * | **CIVIL ACTION NO. 2:20-cv-00105** |
| | * | |
| **V.** | * | **SECTION "E" (3)** |
| | * | |
| **LOREN L. HATLE, CLEAN** | * | |
| **METAL TECHNOLOGIES, LLC AND** | * | |
| **MICRO CLEAN METALS, LLC** | * | |

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND AND TO AWARD COSTS AND ATTORNEY'S FEES

Randy Leboeuf, plaintiff, submits this Memorandum in support of his Motion to Remand and for an award of attorney's fees and costs.

### Procedural Background

On November 12, 2019, Randy Leboeuf filed a Petition to Enforce Promissory Notes, Security Agreement and Commercial Guaranty Agreement ("Petition") in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, against Loren L. Hatle ("Hatle"), Clean Metal Technologies, LLC and Micro Clean Metals, LLC. (R. Doc. 1, # 2). The Petition correctly alleges that the plaintiff, Randy Leboeuf, is a resident of the Parish of Terrebonne, State of Louisiana. (R. Doc. 1, # 2, at p.1, ¶ 1). The Petition also correctly alleges that the defendant Hatle is a resident of the State of Texas, that the defendant Clean Metal Technologies, LLC is a limited liability company organized under the laws of the State of Louisiana with its registered office formerly located in the Parish of Terrebonne, State of Louisiana, and the defendant Micro Clean Metals, LLC is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located in the City of Houston, State of Texas. (R. Doc. 1, # 2, at p. 1, ¶ 1). The Petition was served on Hatle on December 12, 2019. (R. Doc. 1, # 9, at p. 5 of 10).

On January 10, 2020, the defendant Hatle filed a Notice of Removal therein asserting that this "Court may exercise diversity jurisdiction under 28 U.S.C. §1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.00". (R. Doc. 1 at ¶ 3).

Plaintiff's Motion to Remand and to Award Costs and Attorney's Fees is being filed within thirty (30) days of the filing of the Notice of Removal and is therefore timely.

## Factual Background

Prior to August 25, 2016, Randy Leboeuf, a citizen of the State of Louisiana, owned a membership interest in a company by the name of Clean Metal Technologies, LLC. (R. Doc. 1, # 11, at p. 8 of 34). Clean Metal Technologies, LLC, at that time, was a limited liability company organized under the laws of the State of Louisiana, with its principal place of business in and domicile in the parish of Terrebonne, state of Louisiana. (R. Doc. 1, # 11, at p. 8 of 34).[1]

On August 25, 2019, Leboeuf contracted with Hatle to sell his membership interests in Clean Metal Technologies, LLC thereto. As of August 25, 2019, the members or the owners of the membership interests in Clean Metal Technologies, LLC were the plaintiff Leboeuf, the defendant Hatle, and Rocky Smith.[2] More particularly, on August 25, 2019, Leboeuf, as seller, and Hatle, as buyer, entered into a *Membership Interest Purchase Agreement* pursuant to which Leboeuf agreed to sell, and Hatle agreed to purchase, all of Leboeuf's right, title and interest in and his membership interests in Clean Metal Technologies, LLC (i.e., 51 Class A company units and 69 Class B company units, hereinafter collectively referred to as the "Membership Interests") for the price and sum of $882,000.00 (hereinafter referred to as the "Purchase Price"), subject to the following terms and conditions, to-wit:

---

[1] A copy of the business filing made by Clean Metal Technologies, LLC and maintained by Louisiana Secretary of State is attached hereto and marked as Exhibit "1".

[2] Hatle and Rocky Smith are both residents of the state of Texas.

(i)     the $882,000.00 of the Purchase Price shall be paid by Hatle to Leboeuf as follows: (a) $82,000.00 within three (3) months after closing in a lump sum, and (b) within eighteen (18) months after closing, in six (6) principal installment payments of $133,333.34, plus accrued interest every three (3) months until the balance is fully paid (i.e., the "Deferred Purchase Price Consideration"), substantially in the form of Promissory Note attached thereto as Exhibit "A". The Deferred Purchase Price Consideration shall bear an interest rate at the Bank Prime Rate, as quoted in the *Wall Street Journal*, as of each payment due date, adjusted quarterly and compounded annually, but in no event shall the interest rate exceed five percent (5%) per annum.

(ii)    At closing, Hatle shall provide to Clean Metal Technologies, LLC funds in the amount of $100,000.00 as working capital to be immediately used to pay certain debts of that company owed to third-parties (i.e., the "Third-Party Debt"). This shall be deemed a capital contribution, but shall not change the membership percentage in any other member. In addition to the $100,000.00, Clean Metal Technologies, LLC has $10,197.00 in its checking account to also apply to the payment of the Third-Party Debt.

(iii)   Clean Metal Technologies, LLC shall repay Leboeuf the loan owed by Clean Metal Technologies, LLC in the amount of $300,000.00 (i.e., the "Deferred Loan Repayment") in six (6) principal installments of $50,000.00 each, plus accrued interest every month, substantially in the form of the Promissory Note attached thereto as "Exhibit B". The Deferred Loan Repayment shall bear an interest rate at the Bank Prime Rate, as quoted in the *Wall Street Journal*, as of each payment due date, adjusted quarterly and compounded annually, but in no event shall the interest rate exceed five percent (5%) per annum.

(iv)    The Deferred Purchase Price Consideration and the Deferred Loan Repayment shall be secured by that certain (1) U.S. Patent Application serial number 15/012,618 filed on February 1, 2016, entitled "Methods for Removal of Reacting Sites on Metal Surfaces and Application of a Nanotube Containing Protective Coating" and in addition any other patent rights of Clean Metal Technologies, LLC owned as of the closing, as well as any continuations, continuations-in-part, division applications and any re-examination or reissues thereof, and any foreign counterparts thereto; and (a) any invention or discovery which is or was conceived and/or reduced to practice by Hatle, individually or jointly with others, at any time prior to or while employed by Clean Metal Technologies, LLC and for a period of one (1) year after the termination of the employment by Hatle pursuant to a written assignment set forth in section 7(1) of the Employment, Non-Disclosure, Non-Compete, and Non-Solicitation Agreement executed on April 2, 2015, but made effective March 16, 2015, by and between Hatle and Clean Metal Technologies, LLC, and (b) all rights under the License Agreement (the "Subject Patent Rights"), substantially in the form

of a Security Agreement executed by and between Leboeuf and Hatle, attached thereto as "Exhibit C" (the "Security Agreement").

(v)     At closing, Clean Metal Technologies, LLC shall execute and deliver a mutually agreeable exclusive license agreement (the "License Agreement") to Micro Clean Metals, LLC substantially in the form attached thereto as "Exhibit D". The License Agreement shall allow Micro Clean Metals, LLC to utilize the Subject Patent to generate the requisite revenue to fund the Deferred Purchase Price Consideration and Deferred Loan Repayment. The License Agreement shall be inferior in rank and subordinate to the Security Agreement. (R. Doc. 1, # 11, at p. 4 of 34).

Clean Metal Technologies, LLC and Micro Clean Metals, LLC were parties to the *Membership Interest Purchase Agreement* and executed same as guarantors. (R. Doc. 1, # 11, at p. 23 of 34).

The *Membership Interest Purchase Agreement*, in section 7.11 thereof, contained the following forum-selection clause:

"(a) <u>Party Proceedings</u>. The Parties agree that the exclusive jurisdiction and venue to resolve any disputes *related solely* to this Agreement (and ancillary documents, including the promissory notes, the Security Agreement, any guarantees and any indemnities) shall be exclusively held and prosecuted in the 32nd Judicial District Court, Terrebonne Parish, Louisiana. Likewise, the governing law for any disputes *related solely* to this Agreement (and ancillary documents, including the promissory notes, the Security Agreement, any guarantees and any indemnities) shall be Louisiana without giving effect to any choice or conflict of law provision or rule (whether of the State of Louisiana or any other jurisdiction) that could cause the application of laws of any jurisdiction other than those of the State of Louisiana." (R. Doc. 1, # 11, at pp. 20 - 21 of 34).

Under section 7.14 of the *Membership Interest Purchase Agreement*, the provisions of section 7.11 thereof survive any expiration of that agreement. (R. Doc. 1, #11, at p. 20 of 34).

Pursuant to a *Bill of Sale of Membership Interest* executed by Leboeuf, as seller, and the Hatle, as buyer, effective August 25, 2016, Leboeuf sold to Hatle all of his Membership Interests in Clean Metal Technologies, LLC, in consideration and consummation of the transactions contemplated by the *Membership Interest Purchase Agreement*. (R. Doc. 1, # 14, at p. 12 of 55).

4

In connection with the sale of Leboeuf's Membership Interests to Hatle, in conformity with the terms and provisions of the terms and *Membership Interest Purchase Agreement*, and in consideration of the sale of the Membership Interests, Leboeuf is the current holder and owner of the following two described promissory notes, made payable to his order, to-wit:

(i) Promissory Note (i.e., the "*Deferred Purchase Price Consideration Note*") made and executed by Hatle, dated August 25, 2016, in the principal amount of $882,000.00, conditioned to bear interest per annum until paid in full at the rate of the Bank Prime Rate as quoted in the *Wall Street Journal* on each installment due date, all of which is repayable as follows:

> (a) A principal payment of $82,000.00, plus accrued interest at the rate of the Bank Prime Rate as quoted in the Wall Street Journal (not to exceed 5% per annum), payable on November 25, 2016; and

> (b) Six (6) consecutive quarterly payments of principal in the amount of $133,333.34 each, plus accrued interest at the rate of the Bank Prime Rate as quoted in the *Wall Street Journal* on each installment, commencing on November 25, 2016, and continuing on the same day of each third month thereafter until paid in full. (R. Doc. 1, # 11, at p. 26 of 34).

(ii) Promissory Note (i.e., the "*Deferred Loan Repayment Note*") made and executed by Clean Metal Technologies, LLC, dated August 25, 2016, in the principal amount of $300,000.00, conditioned to bear interest per annum until paid in full at the rate of the Bank Prime Rate as quoted in the *Wall Street Journal* on each installment due date (not to exceed 5% per annum), all of which is repayable in six (6) consecutive quarterly installments of principal in the amount of $50,000.00 each, plus accrued interest at the rate of the Bank Prime Rate as quoted in the *Wall Street Journal* on each installment date (not to exceed 5% per annum), commencing on November 25, 2016, and continuing on the same date of each third month thereafter until paid in full. (R. Doc. 1, # 11, at p. 31 of 34).

The *Deferred Purchase Price Consideration Note* and the *Deferred Loan Repayment Note* both contained, on the third page thereof, respectively, the following forum-selection clause:

> "Any action or proceedings pertaining to this Note, the underlying obligations, including but not limited to the enforcement or collection hereof, and any actions to enforce any security securing this Note shall be brought exclusively in the 32nd Judicial District Court, Terrebonne Parish, Louisiana. The Maker expressly consents to the personal jurisdiction and venue of that Court." (R. Doc. 1, # 1, at p. 28 of 34 and p. 33 of 34).

In order to secure payment of the indebtedness of Hatle to Leboeuf as evidenced by and under the *Deferred Purchase Price Consideration Note* executed by Hatle, including any advances or expenditures made by Leboeuf for expenses incurred in protection or in furtherance of Leboeuf's rights under the agreement, on August 25, 2016, Micro Clean Metals, LLC, and Clean Metal Technologies, LLC, as grantors, executed a *Security Agreement* therein granting a security interest in and to Clean Metal Technologies, LLC's and Micro Clean Metals, LLC's present and future rights, title and interest in and to the following described property, to-wit:

(i)     U.S. Patent Application S.N. 15/012,618 filed on February 1, 2016 identifying Loren L. Hatle as Inventor and filed by Clean Metal Technologies, L.L.C. as owner pursuant to a written assignment filed with the U.S. Patent Office on July 23, 2015 at Reel 036162/Frame 0531 and pursuant to a written assignment filed with the U.S. Patent Office on December 16, 2015, at Reel 037306/Frame 0868; the patent application being entitled "Methods for Removal of Reaction Sites on Metal Surfaces and Application of a Nanotube Containing Protecting Coating" which patent application claims benefit of U. S. Provisional Applications S.N. 62/112,530 filed on February 5, 2015 and S.N. 62/179,665 filed on May 15, 2015; as well as any continuations, continuations-in-part, division applications and any re-examination or reissues thereof, and any foreign counterparts thereto;

(ii)    Any invention or discovery which is or was conceived and/or reduced to practice by Loren L. Hatle, individually or jointly with others, at any time prior to or while employed by Clean Metal Technologies, L.L.C. and for a period of one year after the termination of the employment by either Loren L. Hatle or Clean Metal Technologies, L.L.C. pursuant to a written assignment set forth at Section 7(1) in the Employment, Non-Disclosure, Non-Compete, and Non-Solicitation Agreement executed on April 2, 2015, but made effective March 16, 2015 by and between Loren L. Hatle and Clean Metal Technologies, L.L.C.; and

(iii)   The Exclusive License Agreement effective as of the 25th day of August, 2016, by and between Clean Metal Technologies, L.L.C., a Louisiana limited liability company, and Micro Clean Metals, L.L.C., a Texas limited liability company. (R. Doc. 1, # 12, at p. 3 of 31).

The *Security Agreement*, specifically section 11.G thereof, contained the following forum-selection clause:

"G. **Jurisdiction and Venue.** The 32nd Judicial District Court, Terrebonne Parish, Louisiana shall have exclusive personal jurisdiction and venue regarding enforcement of this Agreement and the Obligation. Debtor and Secured Party consent to this personal jurisdiction and venue." (R. Doc. 1, # 12, at p. 10 of 31).

In order to secure payment of the indebtedness of the defendant Clean Metal Technologies, LLC to Leboeuf as evidenced by and under the *Deferred Loan Repayment Note* executed by Clean Metal Technologies, LLC, including any advances or expenditures made by Leboeuf for expenses incurred in protection or in furtherance of his rights under the agreement, on August 25, 2016, Micro Clean Metals, LLC, and Clean Metal Technologies, LLC, as grantors, executed a second Security Agreement (hereinafter the "*Second Security Agreement*") therein granting a security interest in and to Clean Metal Technologies, LLC's and Micro Clean Metals, LLC's present and future rights, title and interest in and to the following described property, to-wit:

(i)     U.S. Patent Application S.N. 15/012,618 filed on February 1, 2016 identifying Loren L. Hatle as Inventor and filed by Clean Metal Technologies, L.L.C. as owner pursuant to a written assignment filed with the U.S. Patent Office on July 23, 2015 at Reel 036162/Frame 0531 and pursuant to a written assignment filed with the U.S. Patent Office on December 16, 2015, at Reel 037306/Frame 0868; the patent application being entitled "Methods for Removal of Reaction Sites on Metal Surfaces and Application of a Nanotube Containing Protecting Coating" which patent application claims benefit of U. S. Provisional Applications S.N. 62/112,530 filed on February 5, 2015 and S.N. 62/179,665 filed on May 15, 2015; as well as any continuations, continuations-in-part, division applications and any re-examination or reissues thereof, and any foreign counterparts thereto;

(ii)    Any invention or discovery which is or was conceived and/or reduced to practice by Loren L. Hatle, individually or jointly with others, at any time prior to or while employed by Clean Metal Technologies, L.L.C. and for a period of one year after the termination of the employment by either Loren L. Hatle or Clean Metal Technologies, L.L.C. pursuant to a written assignment set forth at Section 7(1) in the Employment, Non-Disclosure, Non-Compete, and Non-Solicitation Agreement executed on April 2, 2015, but made effective March 16, 2015 by and between Loren L. Hatle and Clean Metal Technologies, L.L.C.; and

(iii)     The Exclusive License Agreement effective as of the 25th day of August, 2016, by and between Clean Metal Technologies, L.L.C., a Louisiana limited liability company, and Micro Clean Metals, L.L.C., a Texas limited liability company. (R. Doc. 1, # 12, at p. 25 of 31).

The *Second Security Agreement*, specifically section 11.G thereof, contained the following forum-selection clause:

> "G. **Jurisdiction and Venue.** The 32nd Judicial District Court, Terrebonne Parish, Louisiana shall have exclusive personal jurisdiction and venue regarding enforcement of this Agreement and the Obligation. Debtor and Secured Party consent to this personal jurisdiction and venue." (R. Doc. 1, # 12, at p. 25 of 31).

Also, on August 25, 2016, Hatle and Micro Clean Metals, LLC executed a *Commercial Guaranty* agreement therein guaranteeing payment of the of amounts due Leblanc under the *Deferred Loan Repayment Note* executed by Clean Metal Technologies, LLC. (R. Doc. 1, # 14, at p. 41 of 55).

The *Commercial Guaranty*, on the eighth page thereof, contained the following forum-selection clause:

> "**GOVERNING LAW AND JURISDICTION. This Guaranty will be governed by the laws of the State of Louisiana without regard to its conflicts of law provisions.** Any action or proceeding to enforce any right under this Guaranty shall be brought exclusively in the 32nd Judicial District Court, Terrebonne Parish, Louisiana. Guarantor consents to the personal jurisdiction and venue of that Court." (R. Doc. 1, # 14, at p. 48 of 55).

Hatle defaulted in payment of the *Deferred Purchase Price Consideration* Note by failing to remit to Leboeuf the payments as required therein, leaving a balance due and owing to Leboeuf thereon in the amount of $882,000.00, plus interest thereon at the rate of the Bank Prime Rate as quoted in the *Wall Street Journal* commencing November 25, 2016 (i.e., 3.75% per annum), until paid in full, plus all costs and attorney's fees fixed at 25% of the balance due. (R. Doc. 1, # 2, at p. 14 of 17, ¶36)

Clean Metal Technologies, LLC defaulted in payment of the *Deferred Loan Repayment Note* by failing to remit to Leboeuf the payments due as required therein, leaving a balance due and owing to Leboeuf thereon in the amount of $300,000.00, plus accrued interest thereon at the rate of the Bank Prime Rate as quoted in the *Wall Street Journal* each installment due date (i.e., 3.75% per annum), commencing November 25, 2016, until paid in full, plus all costs and attorney's fees fixed at 25% of the balance due. (R. Doc. 1, # 2, at p. 14 of 17, ¶37).

In accordance with the terms and provisions with the afore-described agreements executed by Hatle, Leboeuf filed his Petition against Hatle on those very notes and agreements in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, and service thereof was effectuated on Hatle pursuant to the Louisiana Long Arm Statue. (R. Doc. 1, # 9, at p. 5 of 10).

### Removal was Improper under the Forum - Selection Clauses of the *Membership Interest Purchase Agreement* and the Ancillary Documents, i.e., the Promissory Notes, the Security Agreement, and the Guaranty executed by the defendant Hatle

A party to a contract may waive a right of removal provided the provision of the contract makes clear that the other party to the contract has the "right to choose the forum" in which any dispute will be heard. *City of Rose City v. Nutmeg Insurance Co.*, 931 F.2d 13, 16 (5th Cir. 1991), cert. denied, 502 U.S. 908 (1991). A contractual clause prevents removal where the clause amounts to a "clear and unequivocal" waiver of removal rights. *Grand View PV Solar Two, LLC v. Helix Elec., Inc./Helix Elec. of Nev., L.L.C., J.V.*, 847 F.3d 255, 257-58 (5th Cir. 2017) (citing *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004)). Moreover, a waiver of a party's removal rights does not have to include explicit words, such as "waiver of right of removal". *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001) (citations omitted). A party may waive its rights by explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract. *Grand*

*View PV Solar Two, LLC*, 847 F.3d at 258 (quoting *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d at 504); see also *Waters v. Browning - Ferris Indus., Inc.*, 252 F.3d at 797 ("A party to a contract may waive a right of removal provided the provision of the contract makes clear that the other party to the contract has the 'right to choose the forum' in which any dispute will be heard"). A single defendant's waiver of its removal rights is enough to defeat removal. *Grand View PV Solar Two, LLC*, 847 F.3d at 258 (citing *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986)). Any doubt about the propriety of removal must be resolved in favor of remand. *Id*. at 258 (quoting *Gasch v. Hartford Accident & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007)).

As clearly reflected in the Petition filed by Leboeuf, his action against Hatle comprises one to enforce the obligations of the defendant Hatle under the terms and provisions of the *Membership Interest Purchase Agreement* executed by these parties, and to recover the sums due for the sale of his Membership Interests in Clean Metal Technologies, LLC to Hatle as set out in and evidenced by the *Deferred Purchase Price Consideration Note* and the *Deferred Loan Repayment Note*, including the enforcement of his security interest in the U. S. Patent Application under the terms and provisions of the *Security Agreement* and the *Second Security Agreement* held thereby.

Under the terms and provisions of those very documents sued upon and at issue in the Petition, Hatle and Leboeuf expressly chose and agreed that the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, shall have the exclusive jurisdiction and venue over such claims and actions. These provisions in the *Membership Interest Purchase Agreement*, the *Deferred Loan Repayment Note*, the *Deferred Purchase Price Consideration Note* and the *Security Agreement* constitute a "clear and unequivocal" waiver of removal rights because they expressly state Leboeuf and Hatle's intent to make the jurisdiction of the 32nd Judicial District Court exclusive.

In the *Membership Interest Purchase Agreement*, Hatle and Leboeuf established the 32nd Judicial District Court as having exclusive jurisdiction and venue of Leboeuf's claims set out in the Petition via section 7.11(a) thereof wherein it is expressly stated that "the parties agree that the exclusive jurisdiction and venue to resolve any disputes related solely to this Agreement (and ancillary documents, including the promissory notes, the security agreement, and guaranties and any indemnities) shall be exclusively held and prosecuted in the 32nd Judicial District Court, Terrebonne Parish, Louisiana." Likewise, the *Deferred Purchase Price Consideration Note* executed by Hatle clearly and unequivocally states and provides that "any action or proceedings pertaining to this Note, the underlying obligations, including but not limited to the enforcement or collection hereof, and any actions to enforce any security securing this Note shall be brought exclusively in the 32nd Judicial District Court, Terrebonne Parish, Louisiana". Further, Hatle expressly consented to the personal jurisdiction and venue of the 32nd Judicial District Court in Terrebonne Parish, Louisiana, with that jurisdiction and venue being exclusive.

In *Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Mgmt. of Louisiana, LLC*, case no. 09-6270, 2010 WL 1731204 at *3 (E.D. La. Apr. 28, 2010) the U.S. District Court for the Eastern District of Louisiana had occasion to entertain a case which involved a contract between parties that contained a forum - selection clause similar to that in the instant matter and that waived the defendant's removal rights. In *Jefferson Parish Consol. Garbage Dist. No. 1*, the U.S. District Court for the Eastern District of Louisiana found that a contract clause reading "any and all claims . . . shall be heard and determined in the Twenty-Fourth Judicial District Court for the Parish of Jefferson . . . which Court shall have exclusive jurisdiction and venue over such claims," as constituting a "clear and unequivocal" waiver of removal rights.

As in the case of *Jefferson Parish Consol. Garbage Dist. No. 1*, the agreements between Laboeuf and Hatle (i.e., the *Membership Interest Purchase Agreement* and ancillary documents) expressly state and establish the "exclusive" jurisdiction and venue for Leboeuf's claims brought pursuant thereto as being in and only in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana. Hence, Hatle previously waived any right of removal given his clear and unequivocal consent to the exclusive jurisdiction and venue of the 32nd Judicial District Court for the Parish of Terrebonne for the adjudication of Leboeuf's claims made on or pursuant to the *Membership Interest Purchase Agreement* and its ancillary documents, i.e., the *Deferred Compensation Promissory Note*, the *Deferred Loan Repayment Note,* the *Security Agreement*, the *Second Security Agreement* and/or the *Commercial Guaranty*, which agreements form the basis of his Petition filed against Hatle.

## Request for Costs and Attorney's fees

As set forth in 28 U.S.C. §1447(c) "[A]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

Leboeuf, in having had to file and assert this motion for remand, has incurred attorney's fees and costs in connection with Hatle's removal. As, however, Hatle was well aware of his agreed upon waiver of removal prior to the filing of his Notice of Removal, Leboeuf submits that the reimbursement of his attorney's fees and costs by Hatle are warranted in connection with the removal. While Hatle's basis for removal is based upon diversity of citizenship under 28 U.S.C. §1441(a), a cursory review of the Petition filed in the very action and served pre-removal on Hatle reflects that Hatle was expressly reminded and re-apprised, specifically in paragraphs 5, 15, and 23 thereof, of the following:

(i)      Under section 7.11(a) of the *Membership Interest Purchase Agreement*, the parties thereto agreed that the exclusive jurisdiction and venue to resolve any disputes related solely to this agreement (and ancillary documents, including the Promissory Notes, the Security Agreement, any guarantees and any indemnities) shall be exclusively held and prosecuted in the 32nd Judicial District Court, Terrebonne Parish, Louisiana, and that the governing law for any disputes related thereto shall be Louisiana, and without giving effect to any choice or conflict of law provision or rule that could cause the application of laws of any jurisdiction other than those of the State of Louisiana;

(ii)      Under the further terms and provisions of the *Deferred Purchase Price Consideration Note* executed by the defendant Loren L. Hatle and the Deferred Loan Repayment Note executed by Clean Metal Technologies, LLC, the said respective makers thereof further agreed and stipulated that any action or proceedings pertaining to the notes, the underlying obligations, including but not limited to the enforcement or collection thereof, and any actions to enforce any security securing the notes, shall be brought exclusively in the 32nd Judicial District Court, Terrebonne Parish, Louisiana, and the said makers thereof further expressly consented to the personal jurisdiction and venue of that court; and

(iii)      Under the terms and provisions of the *Security Agreement* (i.e., "Exhibit C" to the Membership Interest Purchase Agreement attached hereto as Exhibit "1"), Clean Metal Technologies, LLC and MicroClean Metals, LLC agreed that and consented to the 32nd Judicial District Court, Terrebonne Parish, Louisiana, having exclusive personal jurisdiction and venue regarding the enforcement of the Security

Agreement and the obligations secured thereby (R. Doc. 1, # 2, at p. 4 of 17, p. 6 of 17, and p. 10 of 17, respectively).

In addition to the foregoing, the very *Membership Interest Purchase Agreement*, *Deferred Purchase Price Consideration Note* and *Security Agreement* containing his consent to the exclusive jurisdiction and venue of the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, and commensurate waiver of removal rights, referenced in the Petition were attached thereto for his ease of reference. Given such, Hatle had no objective basis for the removal, and Leboeuf's request for the assessment of attorney's fees and costs against Hatle for those incurred in connection with the removal should be granted.

## Conclusion

For those reasons set forth hereinabove, plaintiff Leboeuf's Motion to Remand should be granted, the instant action remanded to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, and an order entered awarding Leboeuf attorney's fees and costs incurred in connection with Hatle's improper removal.

Respectfully submitted,

*/s/ Darryl T. Landwehr*
DARRYL T. LANDWEHR (17677)
LANDWEHR LAW FIRM
935 Gravier Street, Suite 835
New Orleans, Louisiana 70112
Telephone: (504) 561-8086
Attorneys for Randy Leboeuf, Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above Memorandum in Support of Motion to Remand and to Award Costs and Attorney's Fees has been served upon Kevin Merchant via email to kmerchant@neunerpate.com, Beth Bernard via email to bbernard@neunerpate.com, and Carolyn Cole via email to ccole@neunerpate.com on the 1st day of February, 2020.

I hereby certify that a copy of the above Memorandum in Support of Motion to Remand and to Award Costs and Attorney's Fees has been served upon all counsel of record by notice of electronic filing generated through the Court's CM/ECF system or by electronic mail on the 3rd day of February, 2020.

*/s/ Darryl T. Landwehr*
Darryl T. Landwehr (17677)