UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RANDY LEBOEUF,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-105** |
| **LOREN L. HATLE, ET AL.,**<br>    **Defendants** | **SECTION: "E"(3)** |

## ORDER AND REASONS

Before the Court is a motion to remand filed by Plaintiff Randy LeBoeuf.[1] Defendant Loren L. Hatle filed an opposition to the motion.[2] Plaintiff filed a reply.[3]

In ruling on a motion to remand, the court "must presume that a suit lies outside th[e court's] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."[4] "'This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.'"[5] "District courts within the Fifth Circuit have closely adhered to the requirements for removal under § 1446."[6] "The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts."[7] "Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand."[8] "District courts have no power to overlook procedural errors relating to the notice of removal; instead, a district

---

[1] R. Doc. 9.
[2] R. Doc 10.
[3] R. Doc. 20.
[4] *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.), *cert. denied,* (2001) (citing *Kokkonen v. Guardian Life Ins. Co. Of Am.,* 511 U.S. 375, 377 (1994)).
[5] *Roth v. Kiewit Offshore Servs., Ltd.,* 625 F.Supp.2d 376, 382 (S.D.Tex.2008).
[6] *Tilley v. Tisdale*, 914 F. Supp. 2d 846, 849 (E.D. Tex. 2012).
[7] *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 922 (5th Cir. 1997).
[8] *Tilley*, 914 F. Supp. 2d at 850.

1

court must remand a case which was removed pursuant to a procedurally defective notice."[9]

28 U.S.C. § 1446(b)(2)(A) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." "[T]here must be a timely filed, written indication from each served defendant, or from some person purporting to act formally on the defendant's behalf and with the authority to do so, confirming that the defendant has actually consented to removal."[10] The "removing defendant [must] obtain[] consent from co-defendants within the thirty-day period" for removal set forth in § 1446(b).[11] The failure to include all defendants properly joined and served in the state action renders the notice of removal defective.[12] A petition filed by less than all the named defendants is considered defective if it fails to contain an explanation for the absence of the co-defendants.[13]

The state court defendants in this case were Loren L. Hatle, Clean Metal Technologies, LLC (CMT), and MicroClean Metals, LLC (MicroClean).[14] Plaintiff's counsel filed three affidavits in state court confirming that long arm service had been carried out on all three state court defendants.[15] The first affidavit states the citation and state court petition were received by MicroClean "in care of its member and manager, Loren Hatle."[16] The second affidavit states the citation and state court petition were received by Loren

---

[9] *Harden v. Field Mem. Cmty. Hosp.*, 516 F.Supp.2d 600, 606 (S.D. Miss.2007) (citing *Shamrock Oil & Gas Corp.,* 313 U.S. 100, 108–09 (1941)).
[10] *Tilley*, 914 F. Supp. 2d at 849.
[11] *Id.* at 851.
[12] *Id.* at 849.
[13] *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996) (citing *Northern Illinois Gas Co. v. Airco Indus. Gases, a Division of Airco, Inc.,* 676 F.2d 270, 273 (7th Cir. 1982)).
[14] R. Doc. 1-2.
[15] R. Doc. 1-9.
[16] *Id.* at 2.

Hatle.[17] The third affidavit states the citation and state court petition were received by CMT "in care of its member and manager, Loren Hatle."[18]

In this Court, Hatle filed a notice of removal without the timely filed, written consent of co-defendants CMT and MicroClean. A petition filed by less than all the named defendants is considered defective if it fails to contain an explanation for the absence of the co-defendants.[19] Hatle offers only conclusory statements that CMT and MicroClean have not been served because Hatle "is not a proper agent of either CMT or MicroClean Metals for service of process and does not accept service on CMT's or MicroClean Metals' behalf." Hatle has not explained (1) the proper method for serving CMT, a dissolved Louisiana LLC,[20] and MicroClean, a Texas LLC, and (2) how Plaintiff's long-arm service failed to adhere to that proper method. Hatle cites only Louisiana Code of Civil Procedure article 1266, which provides that service is made on an active LLC by service on its agent or, if there is no agent, a manager or member. Hatle has not explained whether and how article 1266 applies to CMT, a *dissolved* LLC. Hatle also has not explained why the long-arm service on MicroClean was not valid. As a result, the Court finds Defendant Hatle has not sufficiently explained the absence of CMT and MicroClean from the notice of removal.

The "removing defendant [must] obtain[] consent from co-defendants within the thirty-day period" for removal set forth in § 1446(b).[21] On November 21, 2019, Plaintiff filed his petition in the 32nd Judicial District Court for the Parish of Terrebonne seeking

---

[17] *Id*. at 5.
[18] *Id*. at 8.
[19] *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996) (citing *Northern Illinois Gas Co. v. Airco Indus. Gases, a Division of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982)).
[20] The Louisiana Secretary of State's website shows CMT was dissolved by affidavit. LOUISIANA SECRETARY OF STATE, https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails.aspx?CharterID =1125143_D9BD301D30.
[21] *Id*. at 851.

to enforce Defendants' obligation to pay under the Agreement.[22] Plaintiff served Defendants on December 12, 2019.[23] Hatle had thirty days from that date to obtain the consent of his co-defendants and remove the case. On January 10, 2020, Hatle timely removed the case to this Court on the basis of diversity jurisdiction,[24] but he did not obtain the consent of his co-defendants, and his thirty-day window for doing so has passed. The Court cannot overlook procedural errors in removal because the propriety of removal is tied to the original jurisdiction of the federal courts.

Accordingly,

**IT IS ORDERED** that the motion to remand filed by Plaintiff Randy LeBoeuf is **GRANTED**.[25]

**IT IS FURTHER ORDERED** that this case is hereby remanded to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.

**New Orleans, Louisiana, this 6th day of March, 2020.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[22] R. Doc. 1-2.
[23] R. Doc. 1-9.
[24] R. Doc. 1.
[25] R. Doc. 9. Plaintiff's Motion to Remand is focused on the forum selection clauses in the Agreement and ancillary documents, which is an alternative basis for remand. *Id.*